Argued February 18, affirmed March 23, 1920.

# RICE v. RICE.*

(188 Pac. 181.)

**Wills—Contestant has Burden of Showing Fraud and Undue Influence.**

1. Contestants have burden of showing by a preponderance of the evidence their allegations of fraud and undue influence, which induced testatrix to make the will as she did.

**Wills—Proponents must Prove Testamentary Capactiy When Challenged.**

2. When a will is challenged on the ground of want of testamentary capacity in testator, it is incumbent upon proponents to prove decedent's capacity to make a will by a preponderance of the evidence.

**Wills—Evidence of Undue Influence Held Insufficient.**

3. Testimony which simply showed that defendants had the opportunity to exercise undue influence upon testatrix was insufficient to authorize overturning of will.

From Wasco: WILLIAM L. BRADSHAW, Judge.

Department 1.

This is a proceeding instituted in the County Court of Wasco County to contest the will of Eliza J. Rice. Two of the plaintiffs are George W. Rice, son, and Emma Southern, a daughter of the decedent. The other plaintiffs, six in number, are grandchildren of the decedent, descendants of her deceased children. The two defendants, Austin C. Rice and Etta Waterman, are respectively son and daughter of the testatrix. She was 84 years of age. Her husband had died on January 10th; the disputed will was executed February 23d; and she died May 24th—all in the year 1915. Her estate was appraised at $4,482.73. Two of the plaintiff grandchildren are children of Nellie Mann, daughter of the testatrix, who died subse-

*On burden of proof of testamentary capacity and undue influence in respect to wills, see note in 36 L. R. A. 737.

On presumption of undue influence from unnatural testamentary disposition, see notes in 6 L. R. A. (N. S.) 202; 22 L. R. A. (N. S.) 1024.                                                          REPORTER.

quent to the execution of the will and prior to the death of Mrs. Rice. After directing the payment of her debts and expenses of administration, the will made a bequest of $1,500 to her son Austin C. Rice, and gave a legacy of $10 to each of her other descendants then living except to her daughter, the defendant Etta Waterman. As a residuary clause, the document provided that all the remainder of the estate should be divided equally between the defendants Austin C. Rice and Etta Waterman.

The complaint by which it is sought to overturn the will is based solely on the ground of undue influence alleged to have been exercised upon the testatrix by the defendants, which the plaintiffs contend was sufficient to and did overcome the judgment of the testatrix, so that the will was not in fact her disposition of her property, but rather the product of the dominant wills and influence of the defendants. It is not averred that she lacked testamentary capacity.

On proper issues framed, the County Court heard the testimony and found in favor of the defendants. This judgment was affirmed on appeal by the plaintiffs to the Circuit Court, and they have prosecuted a further appeal to this court.      AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. W. H. Wilson.*

For respondents there was a brief over the names of *Mr. R. R. Butler* and *Mr. Fred W. Wilson,* with an oral argument by *Mr. Butler.*

BURNETT, J,—1, 2. As taught in *Simpson* v. *Durbin,* 68 Or. 518 (136 Pac. 347), and *Sturtevant* v. *Sturtevant,* 92 Or. 269 (178 Pac. 192), the burden of proof is upon the contestants in such a case as this to prove by a preponderance of the evidence their allegations

of fraud and undue influence which induced the testa-
trix to make the will as she did.   On the other hand, it
is the rule that when a will is challenged on the ground
of want of testamentary capacity in the testator, it is
incumbent upon the proponents to prove the decedent's
capacity to make a will, by a preponderance of the
evidence.   As stated, this latter issue is not present in
the instant case.   Here, the heat of contest seems to
center about the legacy of $1,500 left to the defendant
Austin C. Rice.   His father, husband of the testatrix,
died without having made a will.   The defendants ex-
plain that bequest in this wise: Austin C. Rice some
years before his father's death was the owner of a
tract of land in Wasco County, and, being in need of
money, conveyed it to his father for the sum of $1,000,
although it was worth at the time, as witnesses say,
$2,500.   While it was recognized that no legal obli-
gation rested upon the father to make good the differ-
ence, it was conceded by both of the parents, as dis-
interested witnesses state, to be a moral obligation
that the father should reimburse the son for the differ-
ence between the consideration named in the deed and
the actual value of the land.   Like many such family
affairs, it was left open by the death of the father.
The mother, speaking to disinterested witnesses, de-
clared her intention to make good what her deceased
husband had omitted, which seems to have convinced
the County Court and the Circuit Court of the justice
of the $1,500 legacy to Austin C. Rice.

   After the death of her husband, some of the plain-
tiffs proposed to place the testatrix under guardian-
ship, and this proposal was favored by most of the
contestants and acquiesced in by others of them, but
was opposed by the two defendants here so strongly
that finally it was abandoned.   It had the effect, how-

ever, of offending the testatrix, and probably accounts for the nominal bequests to the contestants and the residuary clause in favor of the two defendants.

The authorities relied upon by the plaintiffs on the question of undue influence in the main rest upon false representations prejudicing the parent against some child who would be the natural object of her bounty. For instance, in *In re Budlong's Will,* 126 N. Y. 423 (27 N. E. 945), a son had married a domestic employed in his father's family which displeased the father very strongly. The parent seemingly acquiesced in the marriage afterwards, but it proved unhappy to the contracting parties. It seems that the husband on one occasion had grown very angry with his wife and uttered very harsh language to her in the presence of his sister, who rebuked him for his mistreatment of his wife. Later he went from New York to Iowa for the purpose of procuring a divorce from his wife. She, however, followed him and resisted the suit, pending which he wrote to another sister a bitter letter denunciatory of the sister in whose presence the quarrel with his wife had taken place, and falsely accused the sister of aiding the wife in the defense of his suit. He requested that this letter be shown to his father, which was done, and it aroused in the latter all his former antipathy against the son's wife and deeply incensed him against the sister. This was a circumstance submitted to the jury on the subject of undue influence. It was by no means the controlling feature of the case. It is not decisive of the present controversy. Here, no false representation is shown to have been made by the defendants respecting the conduct of the plaintiffs. The latter concede that the subject of guardianship was favored by them and opposed by the defendants, and this is what came to the old lady's knowledge.

3. There is no direct testimony that either of the defendants sought to influence the mother in the making of her will. They both flatly deny that they undertook to control her mind in any way respecting the disposition of her property. All that is shown is that they had opportunity to accomplish this sinister purpose, but that they availed themselves of the opportunity does not appear. It would be a profitless waste of space in the reports, without corresponding advantage to the profession or to the public at large, to go into details of the testimony in this opinion. That it is not enough to show mere opportunity to exercise undue influence is taught in *Rowe* v. *Freeman,* 89 Or. 428 (172 Pac. 508, 174 Pac. 727), and *Sturtevant* v. *Sturtevant,* 92 Or. 269 (178 Pac. 192).

A careful study of the testimony appearing in the record impels us to approve the conclusion of the County and Circuit Courts. The decree is affirmed.

AFFIRMED.

McBRIDE, C. J., and BENSON and HARRIS, JJ., concur.